**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MOHAMED BANDJAN,** | ) | **CASE NO. 4:08CV1547** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **OFFICER FELICIANO** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Mohamed Bandjan ("Plaintiff") filed this *Bivens* action[1] against Allenwood Federal Correctional Institution ("FCI-Allenwood") Officer Feliciano and the Bureau of Prisons. In the Complaint, Mr. Bandjan alleges that Officer Feliciano confiscated legal documents and photographs. He seeks return of his property.

## I. FACTUAL AND PROCEDURAL HISTORY

Mr. Bandjan was incarcerated in FCI-Allenwood on May 29, 2007 when he was approached by Officer Feliciano. She inquired about a photograph which she believed to be in Mr. Bandjan's possession. She told him she knew the subject of the photograph and wanted to have it. Mr. Bandjan told her that he mailed it home. Officer Feliciano did not believe him and searched his cell. He claims that during the search, she confiscated legal materials which he requires for his direct appeal, and family photographs. He requests return of his property.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

A Complaint must contain "a short and plain statement of the grounds for the court's jurisdiction [. . .]" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While detailed factual and jurisdictional grounds are not required, a plaintiff must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Lawler*, 898 F.2d at 1199. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require [. . .] [the courts] to explore exhaustively all potential claims of a *pro se* Plaintiff, [. . . and] would [. . .] transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to a plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

In this case, Mr. Bandjan has failed to give fair notice of what his claim is. In his pleading, he includes a short narrative of facts and then lists the relief he seeks; at no point does he set forth a legal theory upon which relief may be granted. On the Complaint Instructions form, Mr. Bandjan simply placed a check mark next to the pre-printed statement imploring a prisoner to "State the basis of the court's jurisdiction (e.g.: 42 U.S.C. Section 1983 – Civil Rights; 42 U.S.C. 2000e – Title VII – Discrimination)."[3] (*See* Doc. No. 1, at 1.) Moreover, on the Civil Cover Sheet, which he also filed with his Complaint, he checked a box suggesting he is relying on diversity as the basis of jurisdiction, which is impossible under the facts alleged.[4] Mr. Bandjan's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which Plaintiff intends to base his action.[5]

---

[3] This would be the equivalent of answering "yes" to the question: "what is the basis of this Court's jurisdiction?".

[4] Even assuming that Mr. Bandjan could show complete diversity, he would also have to show that his claim could plausibly have an amount in controversy of more than $75,000. 28 U.S.C. § 1332(a). Given that Mr. Bandjan asks only for return of his legal papers and personal pictures, he cannot make out such a claim.

[5] As a separate and independent ground for dismissing this action, this Court notes that Mr. Bandjan has not filed his action in the proper venue. Presuming Mr. Bandjan's case relies on federal question jurisdiction (which it must for the reason stated in footnote 4, *supra*), it may only be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). All Defendants in this case reside in Pennsylvania, and all of the alleged events occurred in Pennsylvania. Thus, the proper venue for this case is in a U.S. District Court in Pennsylvania, not in this Court.

## III. CONCLUSION

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

**IT IS SO ORDERED**.

Dated: October 23, 2008

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**

---

[6] 28 U.S.C. § 1915(a)(3) provides, in pertinent part: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."